# IN THE COURT OF APPEALS OF IOWA

No. 17-0643
Filed June 21, 2017

**IN THE INTEREST OF S.T., I.T., L.A., D.A., and M.A.,**
**Minor Children,**

**J.T., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Gary K. Anderson, District Associate Judge.


The mother appeals from the juvenile court's order terminating her parental rights under Iowa Code section 232.116(1)(b), (d), (e), (f), (h), (i), and (*l*) (2016). **AFFIRMED.**


Roberta J. Megel of State Public Defender Office, Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney General, for appellee State.

Maura C. Goaley, Council Bluffs, guardian ad litem for minor children.


Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

The mother appeals from the juvenile court's order terminating her parental rights under Iowa Code section 232.116(1)(b), (d), (e), (f), (h), (i), and (l). She argues the State failed to satisfy the statutory grounds for termination and reasonable efforts were not made to reunite the children with her. We affirm.

**I. Background Facts and Proceedings.**

On May 2, 2015, the children came to the attention of the Iowa Department of Human Services (DHS) when law enforcement removed the children from the mother's house because methamphetamine and drug paraphernalia were found in the home accessible to the children. During the investigation, the mother admitted using methamphetamine routinely. All children were placed in out-of-home care. The mother was called for random drug screens on May 27 and June 11, 2015, but she did not submit a sample on either date.

On June 3, 2015, the juvenile court adjudicated S.T., I.T., L.A., D.A., and M.A. as children in need of assistance (CINA). The court found the mother's drug use limited her capacity to "provide a safe environment for their children." Visitations were ordered at the discretion of DHS. However, I.T.'s and L.A.'s therapist recommended suspending visitations out of concerns the contact was triggering negative behaviors based on past traumatic experience, including alleged sexual molestation. A hearing was held on the issue, and on October 15, 2015, visitation was suspended.

The mother was also offered a variety of services, including inpatient substance-abuse treatment. However, on September 25, 2015, one week after

beginning inpatient treatment, the mother walked out after a positive drug screen. The mother also scheduled treatment at another facility, but she failed to attend. Records show the mother has not participated in any drug testing with DHS.

Sometime in early 2016, the mother was charged with theft. Her charges eventually led to incarceration in the Pottawattamie County jail with a scheduled release date of February 1, 2017. During her incarceration, visitation remained suspended, but the court allowed the mother to communicate with the children by mail through the children's therapist. The mother was released from jail in January 2017.

A termination hearing was held on February 21, 2017. At the time of the termination trial, S.T. was two years of age; I.T. was four years of age; L.A. was seven years of age; D.A. was nine years of age; and M.A. was eleven years of age. The children had been in out-of-home placement since May 2015. The court heard testimony from Steven Rief, case manager for DHS. Rief recommended termination of the mother's parental rights, and he testified substance abuse was the "the ongoing barrier" to reunification. He stated the mother failed to complete elements of the case plan that were critical to reunification, including substance-abuse treatment, therapeutic visitation, mental-health services, and drug testing through DHS.

The court also heard testimony from the mother. During her incarceration, the mother stated she completed a reactive behavior and rehabilitation program. She also stated that she is receiving treatment and medication for her mental-health issues. She testified that she had been sober since she was incarcerated in July 2016 and she was attempting to enroll in substance-abuse treatment.

She also admitted she was struggling to find employment and housing. At the time of trial, she was temporarily residing with her sister-in-law with no immediate plans for a permanent home. She also acknowledged that she has not communicated with her children since visitation was suspended.

On April 17, 2017, the juvenile court issued an order terminating the mother's parental rights pursuant to Iowa Code section 232.116(1)(b), (d), (e), (f), (h), (i), and (*l*).[1] The mother appealed.

## II. Standard of Review

We conduct a de novo review of proceedings terminating parental rights. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of conclusions drawn from it. *Id.* Although we are not bound by the factual determinations of the juvenile court, we do give weight to them, particularly regarding the credibility of witnesses. *Id.* The primary consideration of our review is the best interests of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

## III. Discussion

On appeal, the mother claims the statutory grounds were not satisfied and reasonable efforts were not made to reunite the children with her.

---

[1] The juvenile court also terminated the parental rights of S.T. and I.T.'s father and L.A., D.A., and M.A.'s father. The fathers are not a party to this appeal.

We utilize a three-step analysis when evaluating the termination of parental rights under Iowa Code chapter 232. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). First, the court must determine whether the grounds for termination under section 232.116(1) were established. *Id.* Second, if the State established grounds for termination under the statute, the court must apply the framework set out in section 232.116(2) to decide if proceeding with termination is in the best interests of the child. *Id.* Third, if the statutory best-interests framework supports termination of parental rights, the court must consider if any statutory factors set forth in section 232.116(3) should serve to preclude termination. *Id.*

However, because the mother only challenges the statutory grounds for termination on appeal, we decline to consider the best-interests and permissive-factor prongs of the analysis. *See id.* Additionally, the mother did not challenge reasonable efforts in the juvenile court; she cannot raise the issue for the first time on appeal. *See In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002) ("In general, if a parent fails to request other services at the proper time, the parent waives the issue and may not later challenge it at the termination proceeding."). Therefore, the only issue before us is whether clear and convincing evidence supports the statutory grounds for termination.

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by the record. *D.W.*, 791 N.W.2d at 707. Iowa Code section 232.116(1)(h)[2] provides that termination may be ordered when there is clear and convincing

---

[2] The termination of the mother's parental rights under subsection (h) applies to S.T.

evidence the child is three years or younger, has been adjudicated a CINA, has been removed from the parent's custody for at least six of the last twelve months, and cannot be returned to the parent's custody at the time of the termination hearing. Similarly, section 232.116(1)(f)[3] provides that termination may be ordered when there is clear and convincing evidence the child is four years of age or older, has been adjudicated a CINA, has been removed from the parent's custody for at least twelve of the last eighteen months, and cannot be returned to the parent's custody at the time of the termination hearing.

The mother argues the children could have been returned to her at the time of the termination hearing because "she had been sober for some time." While we acknowledge her preliminary steps to achieve sobriety after release from incarceration in early 2017, her past behavior suggests reunification is not in the best interests of the children. *See In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012) ("We have long recognized that an unresolved, severe, and chronic drug addiction can render a parent unfit to raise children."). For example, the mother failed to attend substance-abuse evaluations, and she did not submit to testing for random drug screenings through DHS. She also quit one treatment program after two weeks and failed to show up to another inpatient treatment facility. At the time of the termination hearing, she was still attempting to schedule substance-abuse evaluations.

Moreover, the mother could not provide a stable home for the children at the time of termination. The mother testified she had only been out of jail for

---

[3] The termination of the mother's parental rights under subsection (f) applies to I.T., L.A., D.A., and M.A.

approximately one month, and her current living situation with her sister-in-law was not suitable for the children. She had no immediate plans for permanent housing. *See J.E.*, 723 N.W.2d at 802 (Cady, J., concurring specially) (noting the "defining elements in a child's best interest" are the child's safety and her "need for a permanent home"). The mother also testified that she was unemployed. The children have been removed from her care for nearly two years. The children cannot wait any longer for permanency. *See, e.g.*, *D.W.*, 791 N.W.2d at 707; *In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990) ("Children simply cannot wait for responsible parenting. Parenting cannot be turned off and on like a spigot. It must be constant, responsible, and reliable."); *In re A.C.*, 415 N.W.2d 609, 613 (Iowa 1987) ("The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems.").

The mother is just beginning to address her substance-abuse issues, find stable employment, and secure appropriate housing. She is not prepared to resume care for the children. Nor is it in the children's best interests to return them to the mother's care. We hold the statutory grounds for termination were satisfied.

**AFFIRMED.**